## LEIAU (w.) and KAUALOHA (k.) *vs.* KAHAIKALUA.

### APPEAL FROM DECISION OF PRESTON, J.

### APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.    FORNAN-
DER, J., absent.

The plaintiff, a widow, three days before her second marriage, exe-
cuted a deed in favor of K., her brother, whereby she conveyed
to K. for the consideration of "one dollar and the agreement of
K. to support me until death, and I to live on the land till the
end of my natural life," certain real estate.

. K. having claimed to be entitled to the property absolutely and to
the possession thereof, the plaintiff filed her bill to compel K. to
reconvey the property, and for an injunction.

Held, affirming decree of Preston, J., that the defendant was a trustee
of the property, and that he execute a deed of quit claim to the
plaintiff, and injunction granted.

### OPINION OF THE COURT.

We have considered carefully the pleadings and evidence in
this case, and the arguments of counsel, and are of the opinion
that the decision rendered by Mr. Justice Preston on the 12th
January last should be sustained, and we hereby adopt the
same and affirm the decree made.

*M. Thompson*, for plaintiffs.

*Jona. Austin*, for defendant.

---

### DECISION OF PRESTON, J., APPEALED FROM.

On the eleventh day of December, 1880, the complainant,
Leiau, being then a widow, executed a deed in favor of her
brother, whereby for the "consideration of one dollar paid in
my hand and the agreement of Kahaikalua (the defendant) to
support me until death, and I to live on the land till the end of
my natural life, therefore I hereby sell and release by this deed

to the said Kahaikalua, his heirs and assigns, that piece of land situated in Kaakopua, Honolulu, aforesaid, being Apana 1 mentioned in Royal Patent No. 218, Kuleana No. 1669, with all the rents, issues, appurtenances and profits thereof, and belonging thereto."

On the 28th August last Leiau and her husband commenced this suit, and by their bill allege (*inter alia*):

That the said deed was made in contemplation of the said Leiau's marriage with one Kealiikuawaa (to whom she was married three days thereafter), and that the said deed was not made for the use, benefit or behoof of the defendant, but was made for the sole use, benefit and behoof of said Leiau, and to secure to her all the means of support that could in any way be derived from the said property in case said Kealiikuawaa should fail to support her while he lived, and also to prevent the said Kealiikuawaa from acquiring any interest in the said property, all of which the defendant well knew. The complainant, Leiau, admits that her said husband, Kealiikuawaa, amply supported her from the time of the marriage until his death, and from that time until she married her co-plaintiff she supported herself by the rents and by means of said property, and the assistance of friends, and her present husband owns considerable property, and has supported her amply since her marriage, and that she has not needed and has not received any support from the defendant.

That the defendant, from childhood until the early part of the year 1881, lived on the said land, and then left, but returned there with his wife in October, 1885, and left finally in June or July, 1886, and that he at various times claimed to be entitled to said property absolutely, and to the immediate possession thereof.

That the object and purpose for which the said deed was made have been accomplished, and that the only trust created in and by said deed terminated upon the death of Kealiikuawaa, and that said Leiau is entitled to the actual possession and enjoyment of the said property, and to call upon the defendant

to execute such conveyance of the legal estate as she may direct.

The bill prays that defendant be decreed to execute a deed of quit claim of said property to the complainant, Leiau, and for an injunction restraining defendant from disposing of or interfering with the complainant's possession of the said property.

The answer admits that the deed was made in contemplation of the marriage of the complainant, Leiau, and to prevent her husband acquiring any interest in the premises conveyed, and in consideration of the undertaking on the part of the defendant to support the said Leiau, and to permit her to reside upon the premises until her death, and that he has fulfilled and intends to continue to fulfill his said undertaking.

Other matters alleged in the bill, and which are not important to the decision of the case, are either traversed or admitted.

At the hearing the complainant, Leiau, testified that she told the defendant that she was going to put her property in his keeping as her intended husband might owe a great deal, so she wanted her property protected, and told him that if her husband was to die before her, then the property would be hers; but we should go and live on the property, as we were all relatives, and should live together.

The complainant denied that she gave instructions to have the deed prepared, but I find the weight of testimony is against her on this point, and that she did instruct J. M. Kaneakua to prepare a deed, and that he did so, but that she objected to sign it because it did not contain a provision that the defendant should support her, and the document so prepared was destroyed, and the deed in question was prepared and read over to her before she executed it.

The complainant does not allege that she misunderstood the effect of the deed, or that her signature was obtained by any false representation.

It appears also from the evidence that when taxes became due, the defendant, being unable to pay them, delivered the deed up to Leiau, who then and ever since has paid them.

It is to be regretted that the complainant did not instruct a lawyer to prepare the deed, and explain to him fully what she proposed to do; but unfortunately, as is too common in cases where native Hawaiians wish to make over their property in trust, they have no idea what is necessary to be done, and think it is only requisite that the property should be conveyed, and they rely upon the understanding between the parties.

In proportion to the population, I think more applications are made to the Courts of this country to set aside deeds than in any other, and I think such applications should not be encouraged; but I am of opinion in this case that the complainant is entitled to the relief asked for, and that no possible hardship can be inflicted upon the defendant by making a decree accordingly.

I therefore declare that the defendant is a trustee of this property, and that upon tender of a deed of quit claim, he execute the same, and be restrained in the terms of the bill.

Under the circumstances, the parties must pay their own costs.